JOHN M. BROWER v. J. C. BUXTON, Trustee, and WINSTON FULTON.

*Injunction—Trustee—Surety—Res Judicata.*

An injunction will not be granted restraining a trustee from selling lands conveyed to him by a debtor to indemnify a surety, where it appears that in a former action, having the same object, a consent decree was made dismissing it, and wherein there was an agreement that the trustee should sell if the debt was not paid by a day fixed, although the terms of the deed might not have originally conferred a power of sale without the intervention of the Court.

This was a MOTION for an injunction made in a cause pending in the Superior Court of SURRY County, heard before *Connor, J.,* at Chambers, on August 9th, 1888.

The complaint alleges that plaintiff borrowed of Wachovia Bank $8,300, for which he gave his note, with defendant Fulton as surety, and at the same time executed to defendant Buxton a deed conveying certain real estate in trust, with power to sell the same upon default of payment; that the deed was to indemnify Fulton, the surety, against loss, but that he had suffered no loss thereby, and the debt, with accrued interest, has from time to time been paid—amounting to $5,488.07, together with other payments of interest

which should have been credited on the note by said Brower. The plaintiff further alleges that defendant trustee has advertised the land for sale, without being authorized to do so under said deed, and is thereby "clouding" the title of the plaintiff.

Wherefore, plaintiff asks that defendant be restrained, &c.

An order to show cause, &c., was made returnable at Wentworth, on July 28th, 1888, before Judge Connor.

The defendant trustee, answering the complaint, alleges that he acted in accordance with the terms of the deed; that plaintiff owed, on July 17th, 1888, the sum of $4,048.75, and plaintiff promised to settle the same prior to the institution of this suit; and that in consequence of Brower's default, the said Fulton, his surety, executed to said bank his note for $8,300.

For a second defence: That the present plaintiff brought suit in Surry County against the present defendants and the said bank, wherein the same relief is sought, as in this action, and that the Court dismissed the same on February 16th, 1888, and the defendants here specially plead former adjudication as a bar to this action.

The other facts necessary to an understanding of the questions presented in the appeal are stated in the opinion of the Court.

The motion for an injunction was heard upon sworn complaint, answer and exhibits, and was denied. From the order of denial the plaintiff appealed.

*Mr. F. H. Busbee,* for the plaintiff.
*Mr. J. C. Buxton,* for the defendants.

MERRIMON, J. The spirit and purpose of the trust are to indemnify the surety named in the deed of trust against loss by reason of the suretyship therein mentioned and particularly specified. The trust property—land—should, in

good faith, be devoted, if need be, to that purpose, and the execution of the power of sale, to that end, should not be restrained, unless for substantial and just cause. If it be granted that strictly under the letter of the trust, and the power of the sale in connection therewith, the trustee could not sell the land without the direction of the Court, in a proper action for the purpose, until the surety had in fact paid the debt of his principal, any question in that respect was settled and concluded by the record and judgment in the former action, pleaded by the defendants in this action, which embraced and settled the cause of action alleged in this case.

In the former action mentioned, the present cause of action was in substance—almost precisely—alleged. In the settlement of the matters then in controversy it was agreed by and between the parties to the action that no sale of the property should then be made as then intended by the trustee, but it was adjudged by such consent, "that J. C. Buxton, trustee (the present defendant), if so required, may advertise to sell the land conveyed in the mortgage of Brower and wife to J. C. Buxton, trustee, and Winston Fulton (the other defendant and surety) in time to make sale by June 1st, 1888." In pursuance of the deed of trust and this agreement of record, the defendant was proceeding to sell the land when the appellant brought this action, asking relief, by injunction, upon the ground that the surety has not yet in fact paid the principal debt, though long past due, and thus suffered. If, as we have seen, such objection to the sale of the property might at first have had force, it was obviated by the subsequent agreement of record, and the letters in evidence of the appellant to the defendant trustee, asking for a delay of the sale as matter of favor, show that he so well understood.

There is no error. The motion for an injunction was properly denied.                          Affirmed.