A jury trial was waived and the trial judge found the facts. From such findings it appears that on 9 March, 1930, Clyde D. Vickers and wife executed and delivered to the Merchants Bank of Durham, N.C. two promissory notes aggregating $5,448.14. Both of these notes were endorsed by Claude T. Vickers. Thereafter, on 21 March, 1930, the said Clyde D. Vickers and wife made and executed a deed of trust to L. P. McLendon, trustee. This deed of trust recites that "whereas, said parties of the first part desire to secure and provide for the payment of said notes at their maturity, and to also provide for the prompt payment of interest thereon, as it matures according to the tenor of said notes." Said deed of trust further provides that "said parties of the first part are justly indebted to said party of the third part in the sum of $5,448.14." It was further provided: "But if default be made in the payment of any of said notes, or any part thereof, . . . then and in any such case all of said notes shall immediately mature and fall due and become collectible, anything herein or in said notes to the contrary notwithstanding. Said party of the second part shall, upon being so requested to do by said party of the third part, or holder of said notes, sell any or all of said land at public auction, for cash, . . . and convey the land so sold to the purchaser in fee." In said deed of trust Claude T. Vickers was named as party of the third part, and it was stipulated therein that "this deed of trust being given to secure Claude T. Vickers by reason of his endorsement of said notes, and any renewal or extension of them, or either of them." Claude T. Vickers assigned and delivered the deed of trust to the Merchants Bank in Consideration of the promise on the part of the bank to release him from all liability on account of his said endorsement. Claude T. Vickers never paid anything on said notes on account of his endorsement, and has in no respect been damaged as a result thereof. There was default *Page 328 
in the payment of the note, and L. P. McLendon, trustee, upon demand of the plaintiff, holder of the notes, duly advertised and sold the property under a power of sale contained in the instrument, and at such sale Gurney P. Hood, Commissioner of Banks, became the purchaser of a portion of the property in controversy at the price of $4,000. Thereafter, on or about 30 March, 1935, the Commissioner of Banks offered to sell a portion of the property to the defendants for the sum of $1,500. The defendants were willing to pay $1,500 for the property, but refused to accept the deed tendered by the plaintiff upon the ground that the plaintiff could not convey a good title by reason of the fact that the deed of trust was given to secure the endorsement of Claude T. Vickers, and that as Claude T. Vickers had suffered no loss, the sale by the trustee was invalid.
Upon the facts found the trial judge was of the opinion that a sale of the land by McLendon, trustee, and the purchase thereof by the plaintiff was in all respects legal and valid, and that the deed tendered by plaintiff to the defendants would convey a good and marketable title to the land described in such deed.
From the foregoing judgment the defendants appealed.
The defendants rely upon an intimation contained in the case of Browerv. Buxton, 101 N.C. 419, 8 S.E. 116, as authority for the position that the trustee had no power to make a valid sale of the land by reason of the fact that the endorser had suffered no loss. Even if it be granted that the intimation is sound law, the facts in the case at bar distinguish it from the Buxton case, supra. An examination of the provisions and stipulations in the deed of trust carry the conviction that the instrument was intended to secure the entire debt as well as to save the endorser from loss. Moreover, when the endorser for valuable consideration assigned and delivered the deed of trust to the Merchants Bank, it thereupon held the same as security for the debt, and had the right, in the event of default, to require a sale of the property. The sale was properly and regularly made, and thereby invested the plaintiff as Commissioner of Banks with a valid title to the property. Therefore, it necessarily follows that the deed tendered by the plaintiff to the defendants will convey a valid and marketable title.
Hence, the judgment is approved.
Affirmed. *Page 329